IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BRIAN THOMPSON, an individual and
NASRIN BAHERI, an individual,

    Plaintiffs,

  v.

MACY'S WEST STORES, INC., a Delaware
corporation; and DOES 1–20, inclusive,

    Defendants.

No. C 12-02294 WHA

**ORDER GRANTING IN PART
AND DENYING IN PART
MACY'S MOTION TO DISMISS**

## INTRODUCTION

In this tort action, Macy's West Stores, Inc., seeks to dismiss various claims. For the following reasons, the motion is **GRANTED IN PART AND DENIED IN PART.**

## STATEMENT

Plaintiffs Brian Thompson and Nasrin Baheri seek damages from Macy's under several claims for relief arising out of an alleged bed bug incident. Plaintiffs allege Macy's was aware of and failed to provide notice of a bed bug infestation contained within the furniture sold to them at Macy's flagship store in San Francisco. Plaintiffs contend that the night after the mattress was delivered to their home, they began to suffer physical symptoms of bed bug infestation. After the manifestation of physical symptoms, plaintiffs state that they contacted a pest control company that confirmed that they indeed had a bed bug infestation. Plaintiffs allege that they have suffered financial, physical and emotional harm resulting from the infestation and

that defendant's failure to address the infestation, despite plaintiffs' complaints, has exacerbated the harm suffered. Macy's now moves to dismiss several of plaintiffs' claims.

## ANALYSIS

### 1. PLAINTIFF NASRIN BAHERI LACKS STANDING TO ASSERT CLAIMS ONE AND FOUR.

Macy's contends and plaintiffs concede that claim one for breach of implied warranty of merchantability and claim four for breach of contract as to plaintiff Nasrin Baheri must be dismissed because she lacks standing to sue under those theories of liability. This order agrees. Accordingly, Macy's motion to dismiss claims one and four, *only* in regards to plaintiff Nasrin Baheri is **GRANTED**.

### 2. PREMISES LIABILITY.

Plaintiffs allege in claim two that Macy's has breached a duty under the negligence theory of premises liability. Macy's contends plaintiffs cannot state a claim under this theory of liability because plaintiffs were not injured on Macy's premises. This order agrees.

A store owner owes a duty to exercise reasonable care in keeping the premises safe for his invitees. *Ortega v. Kmart Corp.*, 26 Cal.4th 1200, 1203 (2001). Plaintiffs do not allege they were harmed while on the premises of Macy's. Rather they allege they were harmed when a mattress infested with bed bugs was delivered to their home. The theory of premises liability is based on the duty that arises out of the "special relationship" that exists between business proprietors and their invitees. This duty may include "a duty to take affirmative measures, either to prevent foreseeable harm from occurring to those using the premises, or to come to the aid of a patron or invitee in the face of ongoing or imminent harm or danger." *Rotolo v. San Jose Sports and Entertain.*, 151 Cal. App. 4th 307, 326, (2007). The duty of a store owner under this theory of liability cannot be extended to harm incurred outside of the premises because by then the victim is no longer an invitee. Accordingly, claim two is dismissed.

### 3. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

The motion contends that the complaint fails to plead sufficient facts to state a claim for relief for intentional infliction of emotional distress. In order to state a claim for intentional infliction of emotional distress, a plaintiff must allege: (1) outrageous conduct, so extreme as to

2

1  exceed all bounds of that usually tolerated in a civilized community, (2) an intent to cause
2  or a reckless disregard of the possibility of causing emotional distress, (3) severe or extreme
3  emotional distress, and (4) that the outrageous conduct proximately caused the emotional
4  distress. *Symonds v. Mercury Savings & Loan Assn.*, 225 Cal. App. 3d 1458, 1468 (1990).

Plaintiffs allege that Macy's had knowledge of a bed bug infestation before selling the mattress to plaintiffs, Macy's failed to put plaintiffs on notice of the infestation and instead knowingly sold plaintiffs an infested mattress and then failed to address plaintiffs' concerns regarding the bed bug infestation (Compl. ¶¶ 52, 55). Plaintiffs argue that as a result of this conduct they suffered emotional and mental distress (Compl. ¶ 101). Furthermore, plaintiffs include allegations that Macy's intended to cause emotional distress, Macy's knew or reasonably should have known its conduct would result in emotional distress and Macy's acted with reckless disregard of the emotional consequences of their action (Compl. ¶¶ 99–100). These allegations could, when recited to an average member of the community, arouse his or her resentment against Macy's and lead him or her to find the conduct was outrageous. *McMahon v. Craig*, 176 Cal. App. 4th 1502, 1515–16 (2009).

Because plaintiffs have alleged facts sufficient to state a claim for intentional infliction of emotional distress, Macy's motion to dismiss plaintiffs' third claim for relief is **DENIED**.

**3.     PUNITIVE DAMAGES.**

Macy's contends the prayer for punitive damages must be dismissed as inadequately plead. This order disagrees.

Claim three for intentional infliction of emotional distress gives rise to a claim for punitive damages. Plaintiffs, as discussed above, have plead sufficient facts to sustain claim three. As a result, plaintiffs have also plead sufficient facts to sustain their prayer for punitive damages.

Macy's contends that plaintiffs have not met the pleading requirements set forth in California Civil Code Section 3294(b) for punitive damages against a corporate employer. In federal court, while Section 3294 governs the substantive standard to obtain punitive damages, the Federal Rules of Civil Procedure governs the pleading standard. A plaintiff's short

3

and plain prayer for punitive damages that is supported by plausible allegations is therefore sufficient to survive a motion to dismiss. Accordingly, Macy's motion to dismiss plaintiffs' prayer for punitive damages is **DENIED.**

## CONCLUSION

For the reasons stated above, Macy's motion to dismiss claim two in its entirety and claims one and four, as to plaintiff Nashrin Bahari *only*, is **GRANTED WITHOUT LEAVE TO AMEND**. Any additional attempted amendment being futile. Macy's motion to dismiss claim three and plaintiffs' prayer for punitive damages is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 5, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE