IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BRIAN THOMPSON, an individual
and NASRIN BAHERI, an individual,

    Plaintiffs,

  v.

MACY'S WEST STORES, INC., a
Delaware corporation, and DOES 1–20,
inclusive,

    Defendants.
_____/

No. C 12-02294 WHA

**ORDER GRANTING
PLAINTIFFS' MOTION
FOR LEAVE TO FILE
AMENDED COMPLAINT
AND VACATING HEARING**

## INTRODUCTION

In this tort action, plaintiffs seek leave to file an amended complaint. For the reasons stated below, the motion is **GRANTED**.

## STATEMENT

Plaintiffs Brian Thompson and Nasrin Baheri seek damages from Macy's West Stores, Inc., based on several claims for relief arising out of an incident allegedly involving bed bugs. Plaintiffs allege that Macy's was aware of and failed to provide notice that a mattress sold to them at Macy's flagship store in San Francisco was infested with bed bugs. As a result, plaintiffs allege that they have suffered financial, physical and emotional harm and that Macy's failure to address the infestation, despite plaintiffs' complaints, has exacerbated the harm suffered. Macy's moved to dismiss several of plaintiffs' claims. By order dated October 5, 2012, the motion was granted in part and denied in part (Dkt. No. 32). Plaintiffs now seek leave to file an amended complaint.

Plaintiffs' motion contends that discovery has revealed that the following exchange took place between plaintiffs and a Macy's employee named Jerry. The employee suggested that plaintiffs get a bed-bug protector because a nearby store was treated for bed bugs. Additionally, when plaintiff Thompson asked Jerry if there were bed bugs at Macy's, Jerry did not verbally respond and instead looked down and away. Plaintiffs further allege that Jerry recommended a third-party delivery person without the approval of Macy's. Based on these facts, plaintiffs' proposed first amended complaint adds new claims for (1) negligence per se/failure to warn, (2) negligent training and supervision, (3) negligent infliction of emotional distress, and (4) strict product liability. Plaintiffs have also corrected minor defects in the original complaint. Macy's opposes the motion. For the reasons stated below, the motion for leave to file an amended complaint is **GRANTED**.

**ANALYSIS**

This order finds that amending the complaint to include the additional claims and to correct minor defects is proper.

> Under Federal Rule of Civil Procedure 15(a), leave to amend shall be freely given when justice so requires. However, the district court may exercise its discretion to deny leave to amend due to undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , [and] futility of amendment.

*Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010) (internal quotations omitted). Macy's does not advance any arguments regarding bad faith or futility but, rather, argues that Macy's will suffer prejudice and that plaintiffs engaged in undue delay. Specifically, Macy's does not make any contention that claims for relief are not sufficiently pled in the proposed pleading.

*First*, allowing plaintiffs to amend the complaint would not result in undue prejudice. Plaintiffs' proposed claims involve the same factual issues on which the existing claims are based and do not change or significantly expand plaintiffs' basic allegations. Macy's argues that it has already deposed both plaintiffs and, if leave to amend is granted, Macy's would be required to seek leave to depose plaintiffs on the new claims. Macy's would therefore incur

2

additional expenses for travel as plaintiffs reside in Los Angeles. This argument is unavailing. While there may indeed be some additional costs that arise from the amendment, this does not rise to the level of "undue" prejudice. Furthermore, discovery in this case is ongoing and will continue for several more months. This will give sufficient time for Macy's to prepare its case. Macy's has not demonstrated undue prejudice.

*Second*, any delay by plaintiffs in seeking leave to amend is insufficient to deny the motion. Relevant to evaluating delay is "whether the moving party knew or should have known the facts and theories raised by the amendment." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990). Plaintiffs' amendment is based on a conversation between plaintiffs and Macy's employee Jerry which occurred in August 2011. Plaintiffs were therefore aware of the underlying facts and theories at the time the original complaint was filed in March 2012. As held by our court of appeals, however, "[u]ndue delay by itself [] is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). Here, the record does not support a finding of either bad faith, prejudice or futility. As discussed above, it is early enough in the case, discovery is still ongoing, and the amendment involves the same factual issues on which the existing claims are based. Moreover, the request to amend was made within the time-frame contemplated by the case management order and no deadlines are affected by the addition of new claims. Accordingly, in the interest of justice, leave to file an amended complaint is **GRANTED**.

## CONCLUSION

For the reasons stated above, plaintiffs' motion for leave to file an amended complaint is **GRANTED**. Plaintiffs must file the amended complaint by **DECEMBER 27, 2012**. The hearing scheduled for January 10, 2013, is **VACATED**.

**IT IS SO ORDERED.**

Dated: December 21, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3